IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

RAYMOND GREEN,                                §
                                              §
                Plaintiff,                     §
v.                                            §          3:14-CV-689-P
                                              §
CONTINENTAL NATIONAL AMERICAN,                §
CEO THOMAS MOTAMED, DISTRICT                  §
ATTORNEY'S OFFICE, AND DISTRICT              §
ATTORNEY KYSON JOHNSON, IN                    §
THEIR OFFICIAL AND INDIVIDUAL                 §
CAPACITY,                                     §
                                              §
                Defendants.                    §

## ORDER

Now before the Court are two pending motions, a (1) Motion to Dismiss Purported Defendant "Continental National American ("CNA"), CEO Thomas Motamed ("Motamed")," pursuant to Rules 12(b)(2), 12(b)(4), 12(b)(5), and 12(b)(6) of the FED. R. OF CIV. P., filed by Valley Forge Insurance Company ("VFIC")[1] on February 27, 2014; and (2) pro se Plaintiff Raymond Green's ("Green") Motion for Reconsideration of Order Denying Appointment of Counsel, filed on September 15, 2014. Docs. 6; 15. The parties elected not to file Responses to the aforementioned motions. After reviewing the briefing, the evidence, and the applicable law, the Court GRANTS VFIC's Motion to Dismiss and DENIES Green's Motion for Reconsideration of Counsel.

---

[1] VFIC is not a named party in this suit, but VFIC files this motion with respect to the claims against CNA and Motamed because Plaintiff mailed a copy of its petition to the mail drop used by the CNA family of insurance companies, of which VFIC is a member.

## I.    Background

Green was indicted and arrested for insurance fraud.  Doc. 1.  On January 22, 2013, the

trial court dismissed the case for failure to afford Green a speedy trial.  *Id.*  On January 22, 2014,

Green filed the suit *sub judice* in the 193rd District Court of Dallas County, Texas.  Doc. 1-3.

Green sued the Dallas County District Attorney's Office and Assistant District Attorney Kyson

Johnson in his individual and official capacities.  *Id.*  Green also named insurance company

Continental National American and CEO Thomas Motamed ("CNA") as defendants.  *Id.*

Because Green asserted claims under 42 U.S.C. § 1983, the Dallas County Defendants properly

removed the case to this Court on February 20, 2014.  Doc. 1.

## II.    Legal Standard & Analysis

### A. 12(b)(2) Standard

A motion to dismiss for lack of personal jurisdiction under 12(b)(2) is usually resolved

on the basis of declarations and discovery materials.  *See Allred v. Moore & Peterson,* 117 F.3d

278, 281 (5th Cir.1997).  Factual allegations in the complaint are deemed true, and factual

conflicts in the parties' declarations are resolved in the plaintiff's favor.  *See WNS, Inc. v.*

*Farrow,* 884 F.2d 200, 204 (5th Cir.1989).

When a defendant's motion to dismiss is made pre-answer, the plaintiff need only make a prima

facia showing of the existence of personal jurisdiction.  *See DeMelo v. Toche Marine, Inc., 711*

*F.2d 1260, 1271 (5th Cir.1983).*  In this regard, a plaintiff makes a prima facie showing if she

produces admissible evidence which, if believed, establishes the existence of personal

jurisdiction.  *See WNS,* 884 F.2d at 203–04.

### B. 12(b)(4) & 12(5) Standard

Rule 12(b)(4) allows a defendant to challenge the form of summons, while 12(b)(5) permits a challenge to the method of service attempted by the plaintiff. Where the validity of service is challenged under Rule 12, the plaintiff bears the burden to establish the validity of service. *See Norlock v. City of Garland,* 768 F.2d 654, 656 (5th Cir.1985). A plaintiff generally meets this burden by producing the process server's return of service, which is accepted as prima facie evidence that service was effected and of the manner in which it was effected. *See Croy v. Skinner,* 410 F.Supp. 117, 131 n. 9 (N.D.Ga. 1976). Unless the defect in service is shown on the face of the return, the defendant is required to produce affidavits, discovery materials or other admissible evidence establishing lack of proper service. *See Nikwei v. Ross School of Aviation, Inc.,* 822 F.2d 939, 941–42 (10th Cir.1987). In response, a plaintiff usually must submit evidence showing service was proper, or creating a fact issue requiring an evidentiary hearing to resolve. *See Croy,* 410 F.Supp. at 131.

Dismissals pursuant to each of the above motions are without prejudice. *See, e.g.,* Fed.R.Civ.P. 41(b)(venue); *Robinson v. Overseas Military Sales Corp.,* 21 F.3d 502, 507 n. 4 (2d Cir.1994) (personal and subject matter jurisdiction); *Saez Rivera v. Nissan Mfg. Co.,* 788 F.2d 819, 821 (1st Cir.1986) (improper service).

### C. 12(b)(6) Standard

Under Federal Rule of Civil Procedure 8(a), a complaint must contain "a short, plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Federal Rule 12(b)(6) provides for the dismissal of a complaint when a defendant shows that the plaintiff has failed to state a claim for which relief can be granted. "To survive a motion to

dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual matter contained in the complaint must allege actual facts, not legal conclusions masquerading as facts. *Id.* ("Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" (quoting *Twombly*, 550 U.S. at 555)). Additionally, the factual allegations of a complaint must state a plausible claim for relief. *Id.* at 679  A complaint states a "plausible claim for relief" when the factual allegations contained therein infer actual misconduct on the part of the defendant, not a "mere possibility of misconduct." *Id.*; *see also Jacquez v. Procunier*, 801 F.2d 789, 791–92 (5th Cir. 1986).

The Court's focus in a 12(b)(6) determination is not whether the plaintiff should prevail on the merits but rather whether the plaintiff has failed to state a claim. *Twombly*, 550 U.S. at 563 n.8 (holding "when a complaint adequately states a claim, it may not be dismissed based on a district court's assessment that the plaintiff will fail to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder."); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (overruled on other grounds) (finding the standard for a 12(b)(6) motion is "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims").

A pro se plaintiff's pleadings are construed liberally and with all well-pleaded allegations taken as true. *Perez v. United States*, 312 F.3d 191, 194–96 (5th Cir. 2002). "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). At the same time, a

court may dismiss a frivolous complaint when it is based on indisputably meritless legal theories or when the factual allegations are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

### D. Analysis

#### i. Motion to Dismiss

VFIC asserts that Green's lawsuit should be dismissed under the FED. R. CIV. P. Rule 12(b)(4) because of insufficient process and also under Rule 12(b)(5) for insufficient service of process. Doc. 6 at 2. According to VFIC, after Green filed the present suit in state court, he mailed a copy of the Original Complaint and Civil Case Information Sheet to purported defendant CNA, CEO Motamed, at 333 S. Wabash, Chicago, IL 60604. *See* Doc. 6-1 at 19. VFIC argues that Green did not prepare or serve a case citation in compliance with the TEX. R. CIV. P. Rules 99 and 106(a)(2). Doc. 6 at 2. Consequently, VFIC argues that the claims against CNA and Motamed should be dismissed under the FED. R. CIV. P. Rule 12(b)(4). *Id.* Further, VFIC argues that the claims against CNA should be dismissed under the FED. R. CIV. P. Rule 12(b)(5) because Green did not comply with the return of service requirements of the TEX. R. CIV. P. Rule 107(a-c).

VFIC also argues that Green's lawsuit should "be dismissed because he is attempting to sue an entity does not exist." Doc. 6 at 2. Green's suit names CNA and its alleged CEO Motamed as defendants. Doc. 1-3. Green mailed his Original Complaint to CNA and Motamed at 333 S. Wabash, Chicago, IL 60604. Doc. 6 at 3. VFIC asserts that the 333 S. Wabash address is the general mail drop used by the home office for the CNA family of insurance companies, which includes VFIC. *Id.* VFIC argues that no company using the aforementioned address, and

none of the CNA family of insurance companies uses the name Continental National American. *Id.* VFIC asserts that the term CNA is a registered service mark owned by CNA Financial Corporation ("CNAF"). *Id.* According to VFIC, CNAF licenses the use of the CNA service mark as a brand identifier for the insurance operations of some of its subsidiaries and affiliates. *Id.* Therefore, VFIC argues that CNA is not an actual company. *Id.* Further, VFIC argues that Motamed is in fact the CEO of a company named Continental Casualty Company. *Id.* VFIC asserts that Green's claims should be dismissed under the FED. R. CIV. P. R Rules 12(b)(2) and 12(b)(6) because: (1) none of the aforementioned companies, or their subsidiaries or affiliates, are named CNA; and (2) Motamed is not the CEO of the alleged CNA entity.

The Court determines that Green did not comply with the TEX. R. CIV. P. Rules 99 and 106(a)(2). The evidence in the record does not reflect proper issuance and service of citation. The Court also concludes that given the number of CNAF's subsidiaries and affiliates involved in the insurance business, it is unclear who Green is attempting to sue. Because an actual defendant cannot be clearly identified based on Green's Original Petition, the Court cannot properly determine jurisdiction.[2] Accordingly, the Court finds that CNA and its purported CEO Thomas Motamed should be dismissed because they are not proper parties to this suit.

### ii. Motion for Reconsideration

On August 13, 2014, the Court denied Green's Motion for Appointment of Counsel. Doc. 14. The Court also ordered Green to obtain counsel or respond to Defendants' pending Motions to Dismiss by September 15, 2014. *Id.* Instead of retaining Counsel or responding to the pending motions, Green waited till September 15, 2014, to file the present Motion for Reconsideration. Doc. 15.

---

[2] This statement does not concern Defendants the Dallas County District Attorney's Office or Kyson Johnson.

The Court denies Green's Motion for the same reason it previously denied his Motion for Appointment of Counsel. A plaintiff in a civil rights action is not entitled to court appointed counsel as a matter of law. *See Castro Romero v. Becken*, 256 F.3d 349, 353-354 (5th Cir.2001); *Akasike v. Fitzpatrick*, 26 F.3d 510, 512 (5th Cir.1994); *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir.1982). Plaintiff has again failed to show that his case presents any exceptional circumstances warranting the appointment of counsel. *See Ulmer*, 691 F.2d at 212 (listing factors to be considered in appointing counsel).

## III.    Conclusion

Accordingly, the Court GRANTS without prejudice VFIC's Motion to Dismiss under the FED. R. CIV. P. Rules 12(b)(4), 12(b)(5), and 12(b)(2). The Court DENIES AS MOOT VFIC's Motion to Dismiss under the FED. R. CIV. P. Rule 12(b)(6). The Plaintiff is given 60 days from the date of this Order to properly identify and serve the appropriate company allegedly responsible for his alleged harm. The Court also DENIES Plaintiff's Motion for Reconsideration to Appoint Counsel.

**IT IS SO ORDERED.**

Signed this _26 th_ day of September, 2014.

JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE