

U.S. DISTRICT COURT
**NORTHERN DISTRICT OF TEXAS**

**FILED**

**SEP 3 0 2014**

CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RAYMOND GREEN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 3:14-CV-689-P |
| | § | |
| CONTINENTAL NATIONAL AMERICAN, | § | |
| CEO THOMAS MOTAMED, DISTRICT | § | |
| ATTORNEY'S OFFICE, AND DISTRICT | § | |
| ATTORNEY KYSON JOHNSON, IN | § | |
| THEIR OFFICIAL AND INDIVIDUAL | § | |
| CAPACITY, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Now before the Court is Putative Defendant "Dallas County District Attorney's Office" ("Dallas County DA") and Defendant Assistant District Attorney Kyson Johnson's ("ADA Johnson") (collectively "Defendants") Motion to Dismiss, pursuant to Rules 12(b)(2), 12(b)(4), 12(b)(5), and 12(b)(6), FED. R. CIV. P., filed on February 26, 2014. Doc. 5. Plaintiff Raymond Green ("Green") elected not to file a Response. After reviewing the briefing, the evidence, and the applicable law, the Court GRANTS Defendants' Motion to Dismiss Green's claims and his request for injunctive relief.[1]

### I. Background

Green was indicted and arrested for insurance fraud. Doc. 1. On January 22, 2013, the trial court dismissed the case for failure to afford Green a speedy trial. *Id.* On January 22, 2014, Green filed the suit *sub judice* in the 193rd District Court of Dallas County, Texas. *Id.* Green

---

[1] The findings of this Order are not binding on Purported Defendants CNA and Thomas Motamed.

sued the Dallas County DA and ADA Johnson in his individual and official capacities. *Id.* Green also named insurance company Continental National American ("CNA") and CEO Thomas Motamed as defendants. *Id.* Because Green asserted claims under 42 U.S.C. § 1983, Defendants properly removed the case to this Court on February 20, 2014. *Id.*

Green alleges that CNA provided false information to Defendants, resulting in Green's illegal arrest, indictment, and prosecution for insurance fraud. *Id.* Green brings claims for abuse of process, malicious prosecution, false arrest, 14th amendment violations, Civil Rights violations under 42 U.S.C. 1983, libel, fraud on the court, racial discrimination, and he also requests injunctive relief. *Id.*

## II.   Legal Standard & Analysis

### A. 12(b)(2) Standard

A motion to dismiss for lack of personal jurisdiction under 12(b)(2) is usually resolved on the basis of declarations and discovery materials. *See Allred v. Moore & Peterson,* 117 F.3d 278, 281 (5th Cir.1997). Factual allegations in the complaint are deemed true, and factual conflicts in the parties' declarations are resolved in the plaintiff's favor. *See WNS, Inc. v. Farrow,* 884 F.2d 200, 204 (5th Cir.1989).

When a defendant's motion to dismiss is made pre-answer, the plaintiff need only make a prima facia showing of the existence of personal jurisdiction. *See DeMelo v. Toche Marine, Inc., 711 F.2d 1260, 1271 (5th Cir.1983).* In this regard, a plaintiff makes a prima facie showing if she produces admissible evidence which, if believed, establishes the existence of personal jurisdiction. *See WNS,* 884 F.2d at 203–04.

**B. 12(b)(6) Standard**

Under Federal Rule of Civil Procedure 8(a), a complaint must contain "a short, plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Federal Rule 12(b)(6) provides for the dismissal of a complaint when a defendant shows that the plaintiff has failed to state a claim for which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual matter contained in the complaint must allege actual facts, not legal conclusions masquerading as facts. *Id.* ("Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" (quoting *Twombly*, 550 U.S. at 555)). Additionally, the factual allegations of a complaint must state a plausible claim for relief. *Id.* at 679 A complaint states a "plausible claim for relief" when the factual allegations contained therein infer actual misconduct on the part of the defendant, not a "mere possibility of misconduct." *Id.*; *see also Jacquez v. Procunier*, 801 F.2d 789, 791–92 (5th Cir. 1986).

The Court's focus in a 12(b)(6) determination is not whether the plaintiff should prevail on the merits but rather whether the plaintiff has failed to state a claim. *Twombly*, 550 U.S. at 563 n.8 (holding "when a complaint adequately states a claim, it may not be dismissed based on a district court's assessment that the plaintiff will fail to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder."); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (overruled on other grounds) (finding the standard for a 12(b)(6) motion is "not

whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims").

A pro se plaintiff's pleadings are construed liberally and with all well-pleaded allegations taken as true. *Perez v. United States*, 312 F.3d 191, 194–96 (5th Cir. 2002). "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). At the same time, a court may dismiss a frivolous complaint when it is based on indisputably meritless legal theories or when the factual allegations are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

### C. Analysis

The Court liberally construes Green's pleadings as asserting claims based on state and federal law. Green's federal law claims appear to be founded on 42 U.S.C. § 1983. The Court determines that Green's remaining claims appear to be based on state law.

### i. ADA Johnson

ADA Johnson argues that Green's lawsuit should be dismissed because he has absolute prosecutorial immunity from federal and state law based lawsuits. Doc. 5 at 6. The Court agrees. "[A]bsolute immunity defeats a suit at the outset, so long as the official's actions were within the scope of the immunity." *Imbler v Pachtman*, 424 U.S. 409, 419 n.13 (1976). In *Imbler*, the Supreme Court held that absolute immunity protects prosecuting attorneys when their actions are "intimately associated with the judicial phase of the criminal process." *Id.* at 430. For example, initiating, investigating, and pursuing criminal prosecution. *See Cook v. Hous. Post*, 616 F.2d 791, 793 (5th Cir. 1980); *Oden v. Reader*, 935 S.W.2d 470, 474–75 (Tex. App.—

Tyler 1996, no pet.).  Further, absolute immunity protects prosecuting attorneys in their official and individual capacities.  *Clawson v. Wharton Cnty*, 941 S.W.2d 267, 273 (Tex. App.—Corpus Christi 1996, writ denied.).  Here, Green's claims arise solely from ADA Johnson's actions in obtaining an indictment and prosecuting Green for insurance fraud.  Doc. 1.  Therefore, Johnson is entitled to prosecutorial immunity from all of Green's claims.  Accordingly, the Court GRANTS with prejudice ADA Johnson's Motion to Dismiss Green's claims pursuant to Rule 12(b)(2).  FED. R. CIV. P.

Further, by suing ADA Johnson in his official capacity, Green has essentially sued Dallas County.  *See Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985).  However, the record does not reflect that Green has properly served Dallas County.

### ii. Dallas County DA

Dallas County DA asserts that Green's claims should be dismissed because a district attorney's office is a non-jural entity, and thus, it lacks the capacity to be sued.  Doc. 5 at 5.  The Court agrees.  *See Stephens v. Dist. Attorney of Dall. Cnty.*, No. 3:04-CV-1700-M, 2004 WL 1857085, at *3 (N. D. Tex.) (citing *Darby v. Pasadena Police Dep't.*, 939 F.2d 311–14 (5th Cir. 1991)) *adopted by* 2004 WL 1969403 (N. D. Tex. Sept. 7, 2004) ("A plaintiff may not bring a civil rights action against a servient political agency or department unless such agency or department enjoys a separate and distinct legal existence.").  Green has not alleged any facts or proffered any evidence showing that Dallas County has granted Dallas County DA jural authority to be sued.  Accordingly, the Court GRANTS Dallas County DA's Motion to Dismiss Green's claims pursuant to Rule 12(b)(2).  FED. R. CIV. P.

### iii. Injunctive Relief

Defendants argue that Green's request for injunctive relief should be denied as inadequately plead. Doc. 5 at 8. The Court agrees because it is unclear from Green's Original Petition what action or actions is Green trying to enjoin. Accordingly, pursuant to FED. R. CIV. P. Rule 12(b)(6), the Court GRANTS Defendants Motion to Dismiss Green's request for injunctive relief.

## III.    Conclusion

For the foregoing reasons, the Court GRANTS with prejudice Defendants' Motion to Dismiss all of Green's claims against ADA Johnson and Dallas County DA. In addition, the Court GRANTS Defendants' Motion to Dismiss Green's request for injunctive relief.

**IT IS SO ORDERED.**

Signed this _30th_ day of September, 2014.

_(signature)_

JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE